## POLLIN v. SALADINI.
### No. 11746.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 15, 1953.

Decided Jan. 14, 1954.

Mr. Irving B. Yochelson, Washington, D. C., for appellant.

Mr. James C. Toomey, Washington, D. C., for appellee.

Before WILBUR K. MILLER, BAZELON and WASHINGTON, Circuit Judges.

### PER CURIAM.

Joseph Saladini was a subcontractor under the builder, Jack Pollin, in the construction of two apartment houses in Arlington, Virginia. He agreed, for the sum of $51,500, to do the brick and tile work according to the plans and specifications which provided that, in certain corridors and stairwells, the walls should be faced with glazed tile to a height of four feet, and should be faced with brick from that height to the ceiling.

At Pollin's request, Saladini substituted glazed tile for brick as facing matter for the upper portion of the walls; that is to say, the brick facing originally specified was omitted and glazed tile was used from floor to ceiling. After the work was completed, the parties were unable to agree on a financial settlement. Their dispute gave rise to the single question in this suit between them: is Saladini entitled to recover from Pollin the full value of the substituted tile facing, without any allowance to the latter for the fair value of the omitted brick facing? The District Court answered this question in the affirmative. Pollin appeals.

The trial judge, sitting without a jury, made findings of fact, not challenged by either party on appeal, which we summarize as follows:

1. The contract price, with agreed extra work not involved here, was $51,-903.50. Pollin paid Saladini $41,000 and, in addition, paid $11,889.95 for materials Saladini was required to furnish. Thus he overpaid the contract price, and agreed extra work, by the sum of $986.-45, and is to be credited with that amount in adjusting the controversy over the substitution of tile for brick.

2. Tile facing was applied on an area of 1,125 square feet for which brick facing had been specified originally. The reasonable cost of the substituted tile

facing was $1,897.50, to which should be added the sum of $111.05 "because of breakage of saw blades and for other reasons," making a total of $2,008.55.

In reaching a conclusion from these facts, the trial judge said he had deducted from the sum of $1,897.50, which he had found as the reasonable cost of the added tile work,[1] the overpayment of $986.45 made by Pollin on the original contract price, and so reached a balance of $911.05 in favor of Saladini; he then added:

> "However, you have to make some allowance for the figures which were in the case of the change over, change of conditions; to do justice the Court will enter a judgment for the plaintiff in the sum of $800."

Thus the trial judge awarded Saladini the full value of the additional tile, without any allowance to Pollin for the cost of the brick facing which was omitted. This was because of the opinion which he expressed that the application of tile above the four-foot level was an extra not covered by the contract. Also because of that opinion, he made no finding as to the fair value of the omitted brick facing, although an expert witness, testifying for Saladini, fixed that value at $1,062 during his cross-examination.

The fact that the brick facing above the four-foot level was specified in the contract and was included in the contract price was not disputed. As the contract price was paid in full, the judgment required Pollin to pay for two kinds of facing when only one kind was installed. It allows Saladini to collect for the brick facing which he did not apply, as well as for the tile facing which he did apply. This erroneous result was due to the trial judge's opinion that the upper part of the tile work was an extra, completely beyond the scope of the contract. We think the agreement to substitute tile for brick was an oral amendment of the original contract. The substituted material was more costly and more difficult to apply; but Saladini is entitled to no more than the additional expense to which he was put by the substitution.

On remand, the District Court should find the reasonable price of the omitted brick work. This should be deducted from the sum of $2,008.55 already found as the reasonable price of the substituted tile installation.[2] The remainder will be the sum due Saladini on account of using tile instead of brick.[3] The overpayment credit of $986.45 due Pollin should then be applied. Judgment should be against the party who is shown by this calculation to be indebted to the other.

Reversed and remanded.

---

1. Thus the trial judge disregarded his finding that Saladini was entitled to the further sum of $111.05 for broken saw blades, etc.

2. This figure is the total of the sum of $1,897.50, found as the cost of the added tile work, and the sum of $111.05 for broken saw blades, etc.

   The figure of $2,008.55 includes an item of overhead in the amount of $247.50, based on a finding by the trial court that the "reasonable charge for overhead for the tile work in said area is Fifteen Percent (15%) * * *." This finding was not challenged by either party. We think that when the trial court finds the "reasonable price of the omitted brick work," pursuant to the directive of this opinion, he should likewise include an item of overhead, presumably figured at the same percentage as that applicable to the tile work.

3. Any special damages incurred by Saladini through the change in the contract, such as out-of-pocket expenditures for materials or labor ordered for the omitted brick job and never used, may be allowed to him in the calculation, subject to the usual rules as to mitigation of damages.